UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NADINA BEVERLY, Trustee on behalf of BEVERLY-BLAIR LAKERIDGE SPRINGS TRUST,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>JPMORGAN CHASE BANK N.A., HOME123 CORPORATION, a California Corporation, DAVID FLEEKOP; FEDERAL NATIONAL MORTGAGE ASSOCIATION; DOES I through X,<br><br>　　　　　　　　Defendants. | Case No. 3:16-cv-00513-MMD-WGC<br><br>ORDER |
| JPMORGAN CHASE BANK N.A., FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　　　　Counterclaimants,<br>　v.<br>NADINA BEVERLY, Trustee on behalf of BEVERLY-BLAIR LAKERIDGE SPRINGS TRUST,<br><br>　　　　　　　　Counterdefendant. | |

**I.　SUMMARY AND BACKGROUND**

This case comes before the Court through Defendant Federal National Mortgage Association's ("Fannie Mae") petition for removal. (ECF No. 1.) Nadina Beverly filed this action on August 23, 2013, in the Second Judicial District Court in Washoe County, Nevada, to quiet title to certain real property located at 6140 N. Deer Meadows Ct., ("the

Property") in Reno, Nevada. Fannie Mae removed the action pursuant to 28 U.S.C. § 1331, citing to the Ninth Circuit Court of Appeals' decision in *Lightfoot v. Cendant Mortgage Corp.*, 769 F.3d 681, 683 (9th Cir. 2014), where the court construed the "sue and be sued" clause in federal charter as a basis for conferring federal question jurisdiction. (ECF No. 1 at 3.)

In a decision issued on January 18, 2017, the Supreme Court overturned the Ninth Circuit, holding that Fannie Mae's authority "to sue and to be sued, and to complain and to defend in any court of competent jurisdiction, State or Federal," 12 U.S.C. § 1723a(a), does not confer federal jurisdiction over all cases involving Fannie Mae. *Lightfoot v. Cendant Mortgage Corp.*, 137 S.Ct. 553, 558 (2017). Rather, the Court found that Fannie Mae's charter "permits suit in any [state or] federal court *already endowed* with subject-matter jurisdiction over the suit." *Id.* at 561 (emphasis added). Thus, where removal is based solely on the "sue or be sued" clause in its charter, Fannie Mae fails to establish that a federal district court has jurisdiction in the suit. *Id.* at 564-65.

On January 20, 2017, the Court issued an order to show case requiring Fannie Mae to show why, after the Supreme Court's decision, the case should not be remanded for lack of jurisdiction. (ECF No. 13.) Fannie Mae responded.[1] (ECF No. 14.) For the reasons discussed below, Fannie Mae has failed to provide a basis for federal jurisdiction, and therefore the case will be remanded to the Second Judicial District Court.

**II.   LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had

///

---

[1]Defendant JPMorgan Chase Bank, N.A. ("Chase") and Fannie Mae are represented by the same attorneys. Chase had consent to removal. (ECF No. 1.) Fannie Mae and Chase collectively responded to the order to show cause. (ECF No. 14.)

original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Federal district courts have "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, (1987). But "a case may not be removed to federal court on the basis of a federal defense." *Id.* at 393.

**III. ANALYSIS**

Fannie Mae argues that even after *Lightfoot*, the Court retains jurisdiction because it had a separate valid justification for removal based on an alternate theory of federal question jurisdiction — namely that it falls under a doctrine unique to cases involving requests for declarative judgment. (ECF No. 14.) Fannie Mae additionally argues that because it identified federal question jurisdiction as its original basis for removal, and because the facts supporting its new theory were available to all of the parties at the time of removal, it can rely on its new theory of jurisdiction even if it did not specifically address it in its petition for removal. (*Id.*) However, even if the Court accepts Fannie Mae's procedural and equitable arguments, the new theory it proposes does not support federal question jurisdiction in this case.

Generally, federal question jurisdiction turns on the face of the plaintiff's well-pleaded complaint. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–10 (1983). There is, however, a small wrinkle in this rule in the context of actions for declaratory judgment. As Justice Jackson noted decades

3

ago, suits involving declarative relief often flip the parties' expected positions. Plaintiffs seeking declaratory judgment are frequently establishing a defense meant to head off another potential related suit. *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952). Therefore, when considering questions of federal question jurisdiction, courts look at both the plaintiff's complaint and the "character of the threatened action." *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014) (quoting *Wycoff*, 344 U.S. at 248). "That is to say, they ask whether 'a coercive action' brought by 'the declaratory judgment defendant . . . would necessarily present a federal question.'" *Id.* (quoting *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 19). This pragmatic doctrine balances the unique nature of requests for declaratory judgment with the well-established rule that the Declaratory Judgment Act did not extend federal court jurisdiction beyond its previous bounds.

A good example of this doctrine, and indeed a place where it often plays out, is in a suit between a patent holder and an alleged patent infringer. The alleged infringer may file an action seeking a declaratory judgment that she is not violating any patents, or that the patents at issue are invalid. Because a declaratory judgment in this type of case is meant to defend against an eventual claim against the plaintiff for patent infringement, federal courts have consistently recognized jurisdiction on the theory that an infringement suit by the defendant would clearly raise a federal question. *See Franchise Tax Bd. of State of Cal.*, 463 U.S. at 27 n. 19.

In this case, Fannie Mae argues that it, like the defendant in *Medtronic*, are defendants in a declaratory judgment suit who had a viable and related federal claim against the plaintiff. Fannie Mae argues that the obvious action it would have brought in relation to the declaratory relief is "a declaratory judgment claim against LN Management, seeking recognition that the HOA Sale did not extinguish the Deed of Trust." (ECF No. 14 at 6.) This hypothetical claim, according to Fannie Mae, would have raised a substantial question of federal law based on 12 U.S.C. § 4617(j)(3) — the so called Federal Foreclosure Bar — and therefore supported federal question jurisdiction.

4

(*Id.*) However, the action Fannie Mae identifies does not fit into the framework described above.

The "threatened action" that Fannie Mae identifies is another declaratory claim, rather than "a coercive action." *Medtronic, Inc.*, 134 S. Ct. at 848. Another quiet title claim, like the one Fannie Mae suggests, does not implicate the same considerations as a coercive action, because the unique nature of a declaratory action — *i.e.,* that is often used to establish a defense to an impending coercive suit — is what triggered the doctrine in the first place. In fact, the doctrine seems to have originally emerged to *prevent* declaratory judgment plaintiffs from litigating in federal court in order to establish defenses for state court. *See Wycoff*, 344 U.S. at 248 ("Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law.") Indeed, courts have recognized that the distinction between a coercive suit and a declaratory suit is a meaningful one: "In the declaratory-judgment context, whether a federal question exists is determined by reference to a hypothetical *non-declaratory* suit (i.e., a suit for coercive relief) between the same parties." *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012) (emphasis added); *see also Koniag, Inc. v. Andrew Airways, Inc.*, No. 3:13-CV-00051-SLG, 2014 WL 4926344, at *3 (D. Alaska Sept. 30, 2014) (approvingly citing *Chase Bank*, and determining that declaratory actions are distinct from coercive ones under the *Medtronic* framework).

The face of Beverly's complaint contains only claims based on state law (ECF No. 1-2), and Fannie Mae has not convincingly shown an exception to the well-pleaded complaint rule. The configuration of this case more closely resembles the "settled law that a case may *not* be removed . . . on the basis of a federal defense," *Caterpillar*, 482 U.S. at 393, than the doctrine described in *Medtronic*, where a request for declaratory judgment is closely related to a viable coercive claim by the defendant. Therefore, the Court finds that Fannie Mae, who bears the burden of establishing federal jurisdiction, has failed to show cause why the case should not be remanded.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the Court's determination of subject matter jurisdiction.

It is therefore ordered that this case be remanded consistent with this order.

The Clerk is instructed to close this case.

DATED this 26th day of April 2017.

_____
MIRANDA DU
UNITED STATES DISTRICT JUDGE